IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CHARLES WALKER AND MARIA M. WALKER, § § § Plaintiffs, § § VS. § § COMMERCIAL RECOVERY § SYSTEMS, INC., § § Defendant. § | C.A. No. 4:07-cv-4279 (JURY DEMANDED) |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE U.S. DISTRICT JUDGE:

COME NOW, CHARLES WALKER AND MARIA M. WALKER (the "Walkers" or the "Plaintiffs"), Plaintiffs in the above styled case and for cause of action against COMMERCIAL RECOVERY SYSTEMS, INC. ("CRS" or the "Defendants") and would show this Court as follows:

### I. Parties

1. Plaintiffs are individuals residing in Missouri City, Fort Bend County, Texas.

2. Defendant Commercial Recovery Systems, Inc. is a Texas corporation with its principal place of business and principal offices located in the State of Texas and may be served by serving its registered agent Tim Ford at its registered

1

address located at 8035 East R.L. Thornton Freeway, Suite 305, Dallas, Texas 75228.

## II. Jurisdiction and Venue

3. This Court has subject matter jurisdiction under 28 U.S.C. §1331 in that this civil action arises under the law of the United States, in particular under 15 U.S.C. §1692, *et al*.

4. Defendant is also liable to the Plaintiffs pursuant to the laws of the State of Texas, which claims may be brought under the supplemental and ancillary jurisdiction of this Court, 28 U.S.C. § 1367(a).

5. This Court has venue under 28 U.S.C. §1391(b), because a substantial part of the events or omissions giving rise to the claim occurred in the Southern District of Texas.

6. This Court has personal jurisdiction over the Defendant, because the Defendant has established minimum contacts in the State of Texas. CRS is located in and engaged in collection actions in the State of Texas including both telephone calls to Texas residents to collect debts and sending collection letters to Texas residents to collect debts. The debt at issue and the collection calls regarding the debt at issue all arose from conduct in the State of Texas. Thus, there is both general and specific jurisdiction over the Defendants.

### III.  Background Facts

7. The Plaintiffs purchased a 2004 Mazda 626 sometime in the year 2005, and financed their purchase of that car with a loan from Citifinancial Auto Credit, Inc. ("Citi").  In mid-2007, Mrs. Walker became ill and could not work.  Because of the financial difficulties her illness caused, the couple was unable to continue paying for the car.  The Plaintiffs telephoned Citi, explained the situation, and volunteered to return the car.  The Citi representative told the Plaintiffs where to return the car and the Plaintiffs did as instructed.

8. On or about Wednesday November 28, 2007, a representative of CRS who identified himself as "Mr. Watson" telephoned Mrs. Walker at her job.  Mrs. Walker works in the Special Education Department at McCullough Middle School in the Fort Bend Independent School District.  Mr. Watson's call came into the front office of the school.  Mr. Watson, knowing that Mrs. Walker was a teacher at a school and knowing he had just reached the front office of the school at which Mrs. Walker works, asked to be transferred to speak to Mrs. Walker.

9. The front office paged Mrs. Walker in her classroom and transferred the call to her.  Mr. Watson told Mrs. Walker that he was calling from Citifinancial and that he needed to speak with Charles Walker "right away."  When Mrs. Walker asked Mr. Watson why he needed to speak to her husband, Mr. Watson gave her what he referred to as the "case number" against her husband and said that he

wanted to talk to Mr. Walker because he did not like "going to Court on people." He continued, telling Mrs. Walker that he was filing the lawsuit in the Missouri City courts and wanted to settle.

10. Mrs. Walker called her husband immediately after getting off the phone with Mr. Watson and told him about the call. Mr. Walker called CRS that same day and spoke with Mr. Watson. Mr. Watson told Mr. Walker that he had to pay $3,000.00 in 3 equal payments beginning immediately. Mr. Walker told Mr. Watson he could not afford to make those payments, and Mr. Watson said that he could break it up into 6 equal payments. Mr. Walker explained to Mr. Watson that he was on a fixed income from Social Security disability and could not afford to pay that amount either. Mr. Watson then told Mr. Walker that he had his credit report, that his credit was good, and that he wouldn't want to "mess it up." Mr. Walker said he would see what he could do and ended the call.

11. On or about Thursday November 29, 2007, Mr. Walker called Mr. Watson back and told him he could not make the payments. Mr. Watson told Mr. Walker that if he did not pay, CRS would file a lawsuit in Missouri City County Courts and "garnish his check" referring to his Social Security disability check. Mr. Watson said that if Mr. Walker did not call by Monday at 5:00 p.m. to make the arrangements, he would file the lawsuit and garnish his Social Security checks.

## IV.  Causes of Action

## A.  Violations of the FDCPA

12.  The Plaintiffs are consumers as defined by 15 U.S.C. § 1692a(3).  CRS is a debt collector as defined by 15 U.S.C. § 1692a(6).

13.  The Defendant communicated with Mrs. Walker in connection with the collection of a debt at a place that was known or which should have been known to be inconvenient to Mrs. Walker, in violation of 15 U.S.C. § 1692c(a)(1).

14.  The Defendant communicated with Mrs. Walker at her place of employment when it knew or had reason to know that her employer prohibited her from receiving such communications, in violation of 15 U.S.C. § 1692c(a)(3).

15.  The Defendant made false representations of the character and legal status of the Plaintiffs' debt in violation of 15 U.S.C. § 1692e(2)(A).  In particular, the Defendants represented falsely to the Plaintiffs that: (a) they were in the process of suing Mr. Walker on the debt and (b) they would garnish his Social Security disability checks.  The Defendant also made false representations of its services rendered in violation of 15 U.S.C. § 1692e(2)(B).  In particular, the Defendant represented falsely that it would take legal actions in the courts against Mr. Walker.

16. The Defendant falsely represented or falsely implied that its representative Mr. Watson was an attorney or that the communications were from

an attorney, in violation of 15 U.S.C. § 1692e(3).

17. The Defendant represented or implied that the Plaintiffs' nonpayment of the debt would result in garnishment of their property in violation of 15 U.S.C. § 1692e(4).

18. The Defendant threatened to file a lawsuit and garnish Mr. Walker's Social Security disability checks, where that action could not legally be taken by the Defendant and was not intended to be taken by the Defendant in violation of 15 U.S.C. § 1692e(5).

19. The Defendant used false representations or deceptive means to collect or attempt to collect a debt. In particular, the Defendant threatened to file a lawsuit against the Plaintiffs in the Missouri City County Courts, referred to the matter with a "case number" implying that legal action was already pending, threatened to garnish Mr. Walker's Social Security disability checks, and threatened to "mess up" his credit. All of these statements were false and were made deceptively to collect the debt. This conduct constitutes a violation of 15 U.S.C. § 1692e(10).

20. The Defendant used a business name, in particular Citifinancial, which was not the true name of its business, in violation of 15 U.S.C. § 1692e(14).

21. The Defendant's conduct described above in paragraph 7 through 20 was the direct cause of actual damages to the Plaintiffs, for which they now sue.

22. As a result of the Defendant's violations, the Plaintiffs are entitled to an

award of statutory damages pursuant to 15 U.S.C. § 1692k(a), for which they now sue.

23. The Plaintiffs would further show this Court that recovery of the costs of this action, including reasonable attorney's fees, are authorized, made, and provided for under and according to the provisions of 15 U.S.C. §1692k(a)(3), and the Plaintiffs seek them in this action.

### B.  Intentional Infliction of Emotional Distress

24. The Defendant's conduct also constitutes intentional infliction of emotional distress.  Among other things, the Defendant represented to the Plaintiffs that it would sue them and garnish Mr. Walker's Social Security disability checks. The Defendant's actions and threats were all calculated at intentionally inflicting emotional distress upon the Plaintiffs so that they would pay the debt.  The Defendant's actions in doing this were intentional or reckless, its conduct was extreme and outrageous, its actions caused the Plaintiffs emotional distress and the Plaintiffs' resulting emotional distress was severe.

25. As a direct and proximate result of the acts of the Defendant, the Plaintiffs have been damaged in a sum in excess of the minimum jurisdictional limits of the court for which they now sue.  Moreover, the Defendant's actions were intentional or reckless, and the Plaintiffs hereby sue for exemplary damages in an amount far in excess of the minimal jurisdictional limits of this Court.

### C. Invasion of Privacy

26. The Defendant's conduct constitutes an invasion of the Plaintiffs' privacy by way of intrusion, in that the Defendant intentionally intruded upon the solitude of the Plaintiffs or their private affairs in a way that was or would have been highly offensive to a reasonable person. The Defendant's intrusion was unreasonable, unjustified, or unwarranted.

27. As a direct and proximate result of the acts of the Defendant, the Plaintiffs have been damaged in a sum in excess of the minimum jurisdictional limits of the court for which they now sue. Moreover, the Defendant's actions were intentional or reckless, and the Plaintiffs hereby sue for exemplary damages in an amount far in excess of the minimal jurisdictional limits of this Court.

### V. Jury Demand

28. The Plaintiffs demand a trial by jury on all issues in this case.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs, CHARLES WALKER AND MARIA M. WALKER, pray that Defendant, COMMERCIAL RECOVERY SYSTEMS, INC., be cited to appear and answer, and that upon final trial of this matter that judgment be entered against the Defendant as follows:

1. Actual damages;

2. Statutory damages under 15 U.S.C. § 1692k not to exceed $1,000.00;

3.  Exemplary, punitive and additional damages;

4.  Costs of the action, including but not limited to reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k;

5.  Prejudgment and postjudgment interest at the maximum rate allowed by law;

6.  Costs of court; and,

7.  Such other and further relief that may be just and proper.

>Respectfully submitted,
>
>**WAUSON ♦ PROBUS**
>
>By: ___/s/ Matthew B. Probus___
>    **Matthew B. Probus**
>    State Bar No. 16341200
>    Fed. I.D. No. 10915
>
>Comerica Bank Building
>One Sugar Creek Center Blvd., Suite 880
>Sugar Land, Texas 77478
>(281) 242-0303 (Telephone)
>(281) 242-0306 (Facsimile)
>
>*ATTORNEYS FOR PLAINTIFFS,*
>*CHARLES WALKER AND*
>*MARIA M. WALKER*